JOHN C. T. SMIDT, Appellant, v. PETER A. H. JACKSON, Respondent.

*Mortgage — where a deed is found to be — how mortgagor's (grantor's) rights foreclosed.*

Where a deed, absolute upon its face, is found by the court to be a mortgage, the mortgagor is entitled to have the premises sold thereunder ·in the usual way. An order allowing the plaintiff to redeem before a certain time, and in case of his failure so to do providing that the deed be considered absolute, is error.

Appeal by plaintiff from so much of an order at Special Term (February 24, 1877) as provided, " but that in case the said plaintiff shall fail within said time to pay said sum and redeem said premises, then and in that case the conveyance of said premises, referred to in said complaint, shall be deemed to be an absolute deed and conveyance."

The order was made on the return of an order to show cause why an injunction, restraining the defendant from instituting or prosecuting any proceeding or action at law, or otherwise to dispossess the plaintiff of certain land, and for other relief, should not be continued. The complaint asked judgment that a certain deed be declared a mortgage, and that plaintiff be given an opportunity to redeem therefrom. The order appealed from decided that the transactions set out in the complaint, constituted a mortgage ; gave the plaintiff till May 1, 1877, within which to redeem, and in case of his failure so to do, provided that the conveyance of said premises should be deemed to be an absolute deed.

*Allan Lee Smith*, for the appellant.

*G. S. & J. H. Stitt*, for the respondent.

Barnard, P. J.:

The plaintiff, upon the motion papers, made out a clear, presumptive case that the transaction between the parties was a loan, though in form a sale. This was denied by the defendant, but in order that the condition of the property should not be changed by the defendant, pending the litigation, an injunction was proper. The court, at Special Term, held on February 24, 1877, granted an injunction to continue only until the 1st of May, 1877. The order gave the

defendant a right to redeem until that time, by paying the sum advanced by plaintiff to defendant, with interest, and contained also this provision : " But that in case the said plaintiff shall fail within that time to pay said sum and redeem said premises, then, and in that case, the conveyance of said premises, referred to in said complaint, shall be deemed to be an absolute deed and conveyance." From this part of the order the defendant appeals.

Assuming that the conveyance was in fact given for a loan (and the court so determined on the motion papers), that part of the order appealed from, cannot, I think, be upheld. If the deed is held as a mortgage, then the defendant is entitled to a sale of the property in the usual way. He may not be able to pay the amount by a given day, but a public sale may call out some one who will pay the value of the premises. The value is shown by the papers to be nearly or quite double the amount advanced by plaintiff. That part of the order appealed from reversed, with ten dollars costs and disbursements to abide the event of the action.

Gilbert, J., concurred.

Present — Barnard, P. J., and Gilbert, J. ; Dykman, J., not sitting.

Part of order appealed from reversed, costs to abide event.